UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS SNOWDEN, III,<br><br>        Plaintiff,<br><br>   v.<br><br>M. YULE, et al.,<br><br>        Defendants. | No. 2:17-cv-2167 TLN AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending is plaintiff's request for appointment of counsel. For the reasons set forth below, plaintiff's request will be denied without prejudice.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th

Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

This is plaintiff's fifth request for appointment of counsel. ECF No. 55; see also ECF No. 26 at 8-9 (denying prior requests). As set forth in the screening order, the allegations that plaintiff's apparent tendon rupture went undiagnosed and inadequately treated by defendants for a period of two months, causing plaintiff both physical and mental injuries, indicate that this case may have merit. See ECF No. 26. However, many of the grounds upon which plaintiff requests appointment – unable to afford retained counsel, imprisonment and institutional transfers, and limited access to the prison law library – are matters common to most prisoners and therefore do not present the requisite "exceptional circumstances" warranting appointment of voluntary counsel.

At his juncture, defendants only recently appeared in this action and did so by filing a motion to dismiss or, in the alternative, for more definite statement. ECF No. 48. Plaintiff sought and obtained three extensions of time within which to respond to defendants' motion, ECF Nos. 49-54, but has not yet done so. The undersigned will soon be issuing findings and recommendations on defendants' motion. This litigation remains at an early stage, and the court finds that appointment of counsel is not warranted at this stage of the proceeding.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for appointment of counsel, ECF No. 55, is denied without prejudice.

DATED: March 13, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE