UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS SNOWDEN, III, | No. 2:17-cv-2167 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| M. YULE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action on claims of deliberate indifference to his serious medical needs. Pending is plaintiff's sixth request for appointment of counsel.

Under 28 U.S.C. § 1915(e)(1), the district court may *request* the voluntary assistance of an available attorney to represent an indigent prisoner in a civil rights case only in certain "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990); see also Mallard v. United States District Court, 490 U.S. 296, 298 (1989) (district courts do not have authority to *require* attorneys to represent indigent prisoners in Section 1983 cases). When determining whether such "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as his ability to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most

1 prisoners, such as lack of legal education and limited law library access, do not establish

2 exceptional circumstances supporting appointment of counsel. Id.

3     Upon initial screening of this case on August 13, 2019, pursuant to 28 U.S.C. § 1915A,

4 the court denied plaintiff's first four requests for appointment of counsel on the following

5 grounds, ECF No. 26 at 8-9:

> In the present case, plaintiff apparently relied on the assistance of another person in the preparation of his FAC. See ECF No. 22 at 4. The resulting pleading is a clear articulation of plaintiff's claims against the named defendants, and the court has authorized service of the FAC as framed. It appears, therefore, that plaintiff may have a reasonable likelihood of success on the merits of his claims. However, the factual matters and legal issues involved in this case are only of moderate complexity, and the next steps in this action will be CDCR's electronic service of process on defendants and possible referral of this case to mediation. Neither matter requires the assistance of counsel.

12     Despite CDCR's electronic service of process, it took several months for all defendants to

13 appear in this action. ECF Nos. 43, 61. The court set this matter for a settlement conference but

14 defendants opted out of the process. ECF Nos. 41, 46-7. Thereafter defendants filed a motion to

15 dismiss or for more definite statement, ECF No. 48, which this court denied, ECF Nos. 57, 60.

16 During the pendency of defendants' motion, plaintiff filed his fifth request for appointment of

17 counsel, ECF No. 55, which the court denied on the grounds that defendants had only recently

18 appeared and this case remained at an early stage, ECF No. 56 at 2.

19     On April 7, 2020, the court issued a Discovery and Scheduling Order, setting a discovery

20 deadline of September 4, 2020 and a dispositive motion deadline of December 4, 2020. ECF No.

21 62.

22     On April 30, 2020, plaintiff filed the instant request for appointment of counsel,

23 apparently with the assistance of another inmate.[1] ECF No. 64. In addition to noting the

24 circumstances plaintiff shares with many other prisoners – indigency, limited education (plaintiff

---

[1] Both the original complaint and First Amended Complaint were prepared for plaintiff by another inmate, M. McLaughlin. See ECF No. 1 at 7; ECF No. 22 at 4. The instant request for appointment of counsel states that plaintiff has "utilized 3 different 'jailhouse lawyers' to prepare every document in this action," ECF No. 64 at 1, and references plaintiff's reliance on his "current 'jailhouse 'lawyer,'" id. at 2.

2

is a high school graduate), lack of familiarity with the law (this is plaintiff's only civil rights case filed in this court, transferred from the Fresno division), limited access to the prison law library and resources, particularly during the current COVID-19 health crisis, and the clear advantages of having legal representation during discovery and at trial – plaintiff argues that his case is particularly complex and that this court has previously recognized its potential merit.

This case proceeds on plaintiff's claims that for a period of two months defendant medical providers were deliberately indifferent to his serious medical needs by failing to diagnose and treat a tendon rupture in plaintiff's leg. Plaintiff alleges that his physical symptoms were obvious and consistent with his complaints of debilitating pain. The belated diagnosis of plaintiff's condition by another medical provider lends support to the claim, and suggests that there is a reasonable likelihood of success on the merits of this case.

With the assistance of other inmates, plaintiff has continued to capably pursue this case. Although the undersigned recognizes that these efforts do not reflect plaintiff's personal capacity to articulate his claims pro se, they do reflect plaintiff's resourcefulness in locating capable assistance. Moreover, the relevant facts and necessary discovery in this case are less complex than plaintiff asserts. "In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong ... is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted). Plaintiff must demonstrate the seriousness of his condition, the persistence of his physical and pain symptoms, the presentation of these symptoms to the defendants and their responses, and the harm plaintiff suffered. Plaintiff's evidence includes his allegations that defendants mocked rather than diagnosed and treated him.

The pending request states that "defendants have filed requests for interrogatories, production of documents and admissions and plaintiff is unfamiliar with discovery procedures

1    and practices.  (His current 'Jailhouse Lawyer' is unfamiliar with procedure.)"  ECF No. 64 at 2.
2    This order will extend the time for plaintiff's responses to these matters and will provide a copy
3    of plaintiff's opposition and exhibits filed in response to defendants' motion to dismiss.  See ECF
4    No. 63 (plaintiff requests a copy of his opposition and exhibits because he was permitted to make
5    only copy of his court filing, which he sent to defendants).  Plaintiff is informed that he need
6    respond to defendants' discovery requests only to the best of his ability.  In addition, plaintiff may
7    serve his own discovery requests.[2]  He need not do so with the technical skill of a lawyer; the
8    court trusts that defendants will respond in good faith to requests for discoverable information
9    that are made in simple but clear terms.  The court will be available to resolve any discovery
10   disputes, and ensure that plaintiff's pro se status does not result in any unfair advantage to
11   defendants.
12        For these reasons, plaintiff's instant request for appointment of counsel will be denied
13   without prejudice.
14        Accordingly, IT IS HEREBY ORDERED that:
15        1.  Plaintiff's motion for appointment of counsel, ECF No. 64, is denied without
16   prejudice.
17        2.  The deadlines set forth in the Discovery and Scheduling Order filed April 7, 2020, ECF
18   No. 62, are extended as follows:  the deadline for concluding discovery is extended from
19   September 4, 2020 to October 16, 2020; the deadline for filing dispositive motions is extended
20   from December 4, 2020 to January 15, 2021.
21        3.  Plaintiff shall respond to defendants' previously propounded discovery requests within
22   *45 days after service of this order* (rather than 45 days after the discovery requests were served on
23   plaintiff); all future discovery shall adhere to the deadlines set forth in the Discovery and
24   Scheduling Order filed April 7, 2020 (ECF No. 62).

---

[2] Plaintiff's discovery requests may include the following:  (1) requests for admission (yes-or-no statements of fact) directed to each defendant, see Fed. R. Civ. P. 36; (2) up to twenty-five interrogatories (questions) directed to each defendant, see Fed. R. Civ. P. 33; and (3) requests for copies of documents, electronically stored information, or other tangible evidence directed to each defendant, see Fed. R. Civ. P. 34.

4. For the reasons set forth in plaintiff's request filed April 22, 2020, ECF No. 63, the Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of plaintiff's opposition and exhibits filed in response to defendants' motion to dismiss (ECF No. 59)

IT IS SO ORDERED.

DATED: May 18, 2020

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE