UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS SNOWDEN, III.,<br><br>    Plaintiff,<br><br>    v.<br><br>M. YULE, et al.,<br><br>    Defendants. | No. 2:17-cv-2167 TLN AC P<br><br><br>ORDER |

    On May 19, 2020, the undersigned issued an order denying plaintiff's request for appointment of counsel without prejudice. ECF No. 65. On August 26, 2020, plaintiff filed a request for reconsideration of that order. ECF No. 68. The court construes plaintiff's request as a motion for reconsideration directed to the undersigned, pursuant to Local Rule 230(j).[1]

    Judges have inherent authority to reconsider their own rulings. See United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000). Under Local Rule 230(j), a request for reconsideration must demonstrate "what new or different facts or circumstances are claimed to

---

[1] Plaintiff's request is not directed to the district judge nor does it comply with the requirement that a party seeking reconsideration of a magistrate judge's ruling caption their request as a "Request for Reconsideration by the District Court of Magistrate Judge's Ruling." Local Rule 303(c). Moreover, a request to the district judge would be untimely under Local Rule 303(b) (ruling by magistrate judge is final if reconsideration by the district judge is not sought within fourteen days). See also Fed. R. Civ. P. 72(a). For all these reasons, the undersigned does not construe the motion as one directed to the district judge pursuant to Fed. R. Civ. P. 72(a).

1

1  exist which did not exist or were not shown upon such prior motion, or what other grounds exist
2  for the motion." L.R. 230(j)(3).

3        Plaintiff seeks reconsideration on the ground that his deposition has now been scheduled
4  and he "does not know how to engage in deposition proceedings and the help of counsel will
5  better afford him meaningful and equal discovery[.]" ECF No. 68 at 1.  Plaintiff's pending
6  deposition does not present new or different facts than those previously considered by the
7  undersigned.  This court previously considered plaintiff's argument that he requires appointment
8  of counsel due, inter alia, to the advantage of having legal representation during the discovery
9  process.  ECF No. 65 at 3.  The court found that plaintiff had not demonstrated exceptional
10 circumstances warranting appointment of counsel under 28 U.S.C. § 1915(e)(1).  Nevertheless,
11 the undersigned advised defendants of their obligation to frame their discovery requests in simple
12 and clear terms; extended time for plaintiff to respond defendants' discovery requests; informed
13 plaintiff he need only respond to defendants' requests to the best of his ability; and assured
14 plaintiff that the court will remain "available to resolve any discovery disputes, and ensure that
15 plaintiff's pro se status does not result in any unfair advantage to defendants." ECF No. 65 at 4.
16 These factors continue to apply throughout the discovery process, including plaintiff's deposition.
17 Sitting for a deposition does not require legal expertise, it requires plaintiff to answer questions
18 about facts within his knowledge.

19       Accordingly, for these reasons, IT IS HEREBY ORDERED that plaintiff's motion for
20 reconsideration, ECF No. 68, is DENIED.

21 DATED: August 28, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE