UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS SNOWDEN, III,<br><br>             Plaintiff,<br><br>       v.<br><br>M. YULE, et al.,<br><br>             Defendants. | No.  2:17-cv-2167 TLN AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with this civil rights action alleging deliberate indifference to his serious medical needs.  Pending is plaintiff's seventh request for appointment of counsel.[1]  ECF No. 73.

Plaintiff states that his "jailhouse lawyer" is scheduled to be released from the custody of the California Department of Corrections and Rehabilitation (CDCR) on December 28, 2020, which will leave plaintiff without the assistance he has depended on to pursue this case.  Plaintiff avers that he is ill-equipped to pursue this case on his own, due to its factual and legal complexities and plaintiff's major depressive and bipolar disorders, which support his placement in CDCR's Enhanced Outpatient Program (EOP).  Plaintiff emphasizes that his Eighth Amendment claim requires presenting proof of defendants' mental state to a jury, a task which he is unable to undertake.

---

[1] Plaintiff's prior requests are noted on the docket at ECF Nos. 12, 18-20, 55, 64 and 68.  The court's orders in response are set forth at ECF Nos. 26, 56, 65 and 69.

1

As this court has previously informed plaintiff, there is no constitutional right of legal representation for indigent prisoners in Section 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Under 28 U.S.C. § 1915(e)(1), a district court may request the voluntary assistance of an available attorney to represent an indigent prisoner in a civil rights case upon demonstration of "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Assessment of "exceptional circumstances" includes consideration of a plaintiff's likelihood of success on the merits of his claims, as well as the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel. Id.

The court again finds that plaintiff has not met his burden of demonstrating exceptional circumstances at the present time. Although plaintiff may no longer have the assistance of another prisoner to pursue this case, the next hurdle he faces – opposing a motion for summary judgment – is manageable for most pro se plaintiffs. Should this case proceed to trial, the court will, upon request, consider anew whether appointment of counsel is warranted.

Plaintiff is informed that, should defendants file a motion for summary judgment, he must file an opposition that directs the court to evidence that contradicts the evidence relied on by defendants and/or demonstrates that the matter remains disputed and must therefore proceed to trial. Plaintiff is informed that "[i]n evaluating the evidence to determine whether there is a genuine issue of fact" presented by a motion for summary judgment, this court will "draw all reasonable inferences supported by the evidence in favor of the non-moving party," that is, in plaintiff's favor. Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011) (per curiam) (citation omitted).

Because discovery closed in this case on December 4, 2020, all relevant evidence has already been produced. Defendants must file and serve any motion for summary judgment on or before March 15, 2021. Should plaintiff require additional time to prepare, file and serve his

2

Case 2:17-cv-02167-TLN-AC   Document 75   Filed 12/10/20   Page 3 of 3

1  opposition, he must make a timely request.  As further guidance and in response to plaintiff's
2  separate request, ECF No. 74, the court will direct the Clerk of Court to re-serve on plaintiff a
3  copy of the Discovery and Scheduling Order filed April 7, 2020.
4       Accordingly, IT IS HEREBY ORDERED that:
5       1.  Plaintiff's request for appointment of counsel, ECF No. 73, is DENIED without
6  prejudice; and
7       2.  The Clerk of Court is directed to send plaintiff, together with a copy of this order, a
8  copy of this court's Discovery and Scheduling Order filed April 7, 2020 (ECF No. 62).
9       IT IS SO ORDERED.
10 DATED: December 10, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3